IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY T. ANGELO, ET AL.** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA, ET AL.** )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 22-cv-1878 RDM |

**PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Plaintiffs submit their partial opposition to the Defendants' motion for a 90-day extension of time to respond to Plaintiffs' application for a preliminary injunction.

Plaintiffs – out of curtesy – agreed to a 30-day extension for Defendants to file their response to Plaintiffs' application for a preliminary injunction in this case, provided Plaintiffs were granted a similar period of time to reply to Defendants' response. Defendants' request for a 90-day extension is unnecessary, unreasonable and prejudicial to Plaintiffs.

Defendants cite the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen,* 597 U.S. __, Case No. 20-843, slip op. (June 23, 2022) as the primary basis for their needing to accomplish a historical review to support DC Code Section 7-2509.07(a)(6)'s limitation on the carry of licensed concealed handguns on public transportation vehicles and in public transportation stations. However, the historical test discussed in *Bruen* was first announced in *District of Columbia v. Heller*, 554 U.S. 570 (2008), not in *Bruen*. This was confirmed by the D.C. Circuit's decision in *Wrenn v. District of Columbia*, 864 F.3d 650, 657-61 (D.C. Cir. 2017). So, it should have been no surprise to the District that it is required to justify DC Code Section 7-2509.07(a)(6) based on the Second Amendment's text, and the history and tradition of firearms

1

regulation in the United States. Indeed, the Attorney General extensively discussed history in unsuccessfully defending the carry limitation struck downs in *Wrenn,* as the opinion in *Wrenn* demonstrates. *See Wrenn,* 864 F.3d at 658-62. Accordingly, in light of *Heller and Wrenn,* the Attorney General should have been conducting a detailed review of the gamut of the District's firearms regulatory scheme to ascertain the Constitutionality of the myriad of the District's very severe limitations on the Second Amendment rights of its citizens. Apparently the Attorney General choose not to do so until this litigation.

Moreover, to the extent *Heller* and *Wrenn* did not serve to put the District on reasonable notice that it would have to support with an historical analysis its various firearms regulations, it was plainly obvious from the *Bruen* oral argument how *Bruen* would be decided. And even if *Heller, Wrenn* and the *Brien* oral argument were not sufficient to put DC on notice that it would have to justify its firearms regulation under the text, history and tradition standard, the *Bruen* decision has now been out three weeks and the Attorney General should have been well into conducting a historical analysis vis-à-vis the District's firearm regulation scheme. The Attorney General should have immediately commenced its examination of the nation's firearm regulation history in anticipation of the litigation it plainly knew was coming concerning the District's stringent firearms regulation, litigation that will in all likelihood mushroom.

Nonetheless, we believe the District is entitled to proffer an historical analysis to attempt to show that the regulation is consistent with the nation's historic tradition of firearms regulation. However, the District does not need 90 days to attempt that showing. Plaintiffs filed their action on June 30, 2022, within seven days of *Bruen's* release and made it clear that the District would have to make the text, history and tradition showing *Bruen* requires. Apparently the District made no effort to commence making that showing before now. It has now been three weeks since *Bruen*

was released and two weeks since Plaintiffs' complaint was filed. The Attorney General has virtually unlimited resources compared to Plaintiffs. Indeed, other than the Attorney General himself, six separate attorneys have noted their appearance in this proceeding for Defendants. Surely, this squad of experienced legal talent is capable of turning out a professional thorough product within the 30-day extension to which Plaintiffs have consented. This is especially the case given the extensive degree of historical evidence that has been submitted to the Supreme Court in the *Heller, McDonald . City of Chicago*, 561 U.S. 742 (2010), and *Bruen* cases, the substantial research presented to the lower federal courts in various cases, and the substantial historical commentary concerning the nation's history of firearms regulation available to Defendants. Other than vague references, Defendants have failed to set forth any detailed discussion of exactly what it is that will require 90 days for them to prepare their response to the preliminary injunction request.

      Defendants do argue the need for expedited discovery on standing and irreparably harm to support their requested 90-day extension. That has nothing to do with making a historical showing to support the regulation in question. Moreover, it is a red herring. Plaintiffs' standing is clear and known to Defendants. Individual Plaintiffs hold licenses to carry concealed handguns in the District. The District knows this and has the requisite documentation. No need for discovery on that. The regulation at issue plainly applies to them. Plaintiffs' have averred under oath that they are regular uses of the Metro system in DC. Does the District want to examine their Metro cards? Moreover, Plaintiffs have averred they would carry their licensed handguns on Metro vehicles if DC Code Section 7-2509.07(a)(6) were declared unconstitutional and enjoined. What possible discovery is necessary under those circumstances? Defendants are silent in that regard. Plaintiffs are burdened by this regulation every time they travel on the Metro system and are unable to

exercise their right to be armed in public within the District of Columbia. The burden to establish standing rest on Plaintiffs and they have plainly met that burden. Discovery on standing would accomplish nothing other than delay which is prejudicial to Plaintiffs.

Defendants have also not explained what discovery is necessary on the issue of irreparable harm. Defendants are free to argue the lack of irreparable harm in their response. However, the law is solidly against them as we noted in our preliminary injunction application. There we pointed out,

> Where the defendant's actions violate the plaintiff's constitutional rights the requirement of "irreparable injury" is satisfied. As the D.C. Circuit has explained, "[s]uits for declaratory and injunctive relief against the threatened invasion of a constitutional right do not ordinarily require proof of any injury other than the threatened constitutional deprivation itself." *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) (brackets omitted) (hereinafter *"Gordon"*) (quoting *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998)). Thus, "although a plaintiff seeking equitable relief must show a threat of substantial and immediate irreparable injury, a prospective violation of a constitutional right constitutes irreparable injury for these purposes." *Id.* (brackets omitted) (quoting *Davis*, 158 F.3d at 1346). *See also Berg v. Glen Cove City School District,* 83 F.Supp. 651 (E.D.N.Y. 1994); *Doe v. Shenandoah County School Board,* 737 F.Supp. 913 (W.D.Va. 1990); *Joynes v. Lancaster,* 553 F.Supp. (M.D.N.C. 1982).

*See Elrod v. Burns.* 427 U.S. 347, 373 (1976) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) (applying *Elrod* to Second Amendment violations). Defendants make no showing why the court should ignore the weight of this precedent.

That Plaintiffs have suffered this unconstitutional burden on their Second Amendment rights since they received their licenses is no basis for Defendants to assert the lack of irreparable injury on an ongoing basis as Plaintiffs will continue to suffer injury for as long as the regulation remains enforceable. Every day they suffer this unconstitutional restriction on their Second Amendment rights is a new and substantial injury; and the ramifications should they be attacked

while traveling on public transportation are potentially catastrophic. Plaintiffs are thus prejudiced by delay in resolution of this proceeding, which is why they are seeking preliminary relief.

In short, the Defendants have not justified the need for a 90-day extension of time to respond to the preliminary injunction, and their request in that regard should be denied.

Respectfully submitted

**GREGORY T. ANGELO**

**TYLER YZAGUIRRE**

**ROBERT M. MILLER**

**CAMERON M. ERICKSON**

By: /s/ George L. Lyon, Jr.
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
1929 Biltmore Street NW
Washington, DC 20009
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar. No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

*Attorneys for Plaintiffs*

Dated:   July 14, 2022

### CERTIFICATE OF SERVICE

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants through the court's ECF system, this 14th day of July, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678