IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY T. ANGELO, TYLER YZAGUIRRE, ROBERT M. MILLER, and CAMERON M. ERICKSON<br><br>     *Plaintiffs*,<br><br>v.<br><br>DISTRICT OF COLUMBIA and CHIEF ROBERT J. CONTEE III,<br><br>     *Defendants*. | Civil Action No.<br>1:22-cv-01878-RDM |

**UNOPPOSED MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND MOTION FOR SUMMARY JUDGMENT**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully moves for leave to file an amicus curiae brief in the above-captioned matter in support of Defendants' Opposition to Plaintiffs' Application for Preliminary Injunction and Motion for Summary Judgment. If granted leave, Everytown will file the brief attached as Exhibit A.[1] Plaintiffs and Defendants have consented to the filing of this brief.[2]

---

[1] No party's counsel authored this brief in whole or part and, apart from Everytown, no person contributed money to fund its preparation or submission.

[2] Plaintiffs' counsel stated that his "consent [was] conditioned on the following. 1. That [Everytown] consent to an additional two weeks for [Plaintiffs'] reply, to October 31, 2022 and 2. That [Everytown] indicate in [its] motion to accept [that] conditional consent." Everytown accepts and consents.

**STATEMENT OF POINTS AND AUTHORITIES**

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including more than 46,000 in the District of Columbia. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. Washington, D.C. Mayor Muriel Bowser is a member of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 50 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11 nn.4 & 7 (2019) (Alito, J., dissenting).

"The Court has broad discretion to permit [non-parties] to participate as amici curiae." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). Courts have permitted non-parties to file amicus briefs where the brief "present[s] ideas, arguments, theories, insights, facts[,] or data that are not ... found in the parties' briefs." *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 518 F. Supp. 3d 448, 453 n.2 (D.D.C. 2021) (alterations in original) (quoting *Northern Mariana Islands v. United States*, No. 08-CV-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009)). And "[c]ourts in this district have granted leave where a movant sought to provide information regarding a significant, unclear legal issue." *Hopi Tribe v. Trump*, No. 17-CV-2590, 2019 WL 2494161, at *3 (D.D.C. Mar. 20, 2019).

Everytown respectfully submits that the proposed amicus brief would provide helpful insight to the Court by providing further analysis and clarification of the methodology applicable to Second Amendment cases in the wake of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* identified, but did not resolve, an important methodological question regarding the focus of the historical analysis in Second Amendment cases—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or in 1868, when the Fourteenth Amendment was ratified. *See Bruen*, 142 S. Ct. at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus—including for Second Amendment challenges, like this one, to the District of Columbia's gun laws—and that sources after 1868 are also critical to the historical analysis. Because the Court may wish to address the question of the correct time period for Second Amendment historical

analysis in light of *Bruen*, we respectfully submit that Everytown's amicus brief would assist its decision-making.[3]

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this Court grant leave to file the amicus curiae brief attached hereto as Exhibit A.

Dated: September 23, 2022

Respectfully submitted,

/s/ *Alison C. Barnes*
Alison C. Barnes (Bar #484184)
Lauren Cassady Andrews (Bar #888314680)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Phone: (202) 775-4500
abarnes@kramerlevin.com

*Counsel for Amicus Curiae
Everytown for Gun Safety*

---

[3] A motion for leave to file an amicus brief "shall be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." Loc. Civ. R. 7(o). Everytown respectfully submits that this motion is timely by analogy to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed.").