IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY T. ANGELO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 22-cv-1878 (RDM) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION OF BRADY, TEAM ENOUGH, GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE AND MARCH FOR OUR LIVES ACTION FUND FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS**

Brady, Team ENOUGH, Giffords Law Center to Prevent Gun Violence ("Giffords Law Center"), and March For Our Lives Action Fund (collectively, "Proposed *Amici*"), through their undersigned counsel, respectfully move the Court for leave to file the attached brief, as *amici curiae*, in support of Defendants' Opposition to Plaintiffs' Application for a Preliminary Injunction and Motion for Summary Judgment. Defendants have consented to Proposed *Amici* filing the attached brief. Plaintiffs have also consented to the filing of the *amicus* brief, on the understanding that Proposed *Amici* consent to a fourteen-day extension of time for Plaintiffs to reply, and Proposed *Amici* hereby grant that consent.

Brady is the nation's most longstanding nonprofit, nonpartisan organization dedicated to reducing gun violence in America through education, legal advocacy and political action. Brady has a substantial interest in ensuring that the Constitution is construed to protect Americans' fundamental right to live. Brady also has a substantial interest in protecting the authority of democratically elected officials to address the nation's gun violence epidemic. Brady works across Congress, courts, and communities, uniting gun owners and non-gun-owners alike, to take action to prevent gun violence. Brady has filed *amicus* briefs in many cases involving state and federal

firearms legislation, *see, e.g.*, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *Hirschfeld v. BAFTE*, 14 F.4th 322 (4th Cir. 2021); and *Bauer v. Becerra*, 858 F.3d 1216 (9th Cir. 2017). Brady's research and expertise has been cited by courts, most recently in *National Association for Gun Rights, Inc. v. San Jose*, No. 22-cv-501-BLF, 2022 U.S. Dist. LEXIS 138385, at *26, 30 & nn.4, 5 (N.D. Cal. Aug. 3, 2022).

Team ENOUGH is a youth-led, Brady-sponsored program whose mission is to provide young people with a national platform to take meaningful action against gun violence. Team ENOUGH is comprised of gun violence survivors, students, activists and others who have experienced gun violence on differing levels. Recognizing that gun violence is a complex issue, Team ENOUGH is not only focused on regulating access to firearms, but also addressing the disproportionate impact that gun violence has on vulnerable communities.

Giffords Law Center is a non-profit policy organization that has been serving those who seek to reduce gun violence in their communities for more than 25 years.[1] Giffords Law Center, previously known as the Legal Community Against Violence ("LCAV"), was founded after a gun massacre at a San Francisco law firm in 1993. LCAV's efforts helped cut California's gun-related death rate in half before it expanded its work to addressing the nationwide gun violence epidemic. In 2017, it was renamed after joining forces with the gun-safety organization led by former Congresswoman Gabrielle Giffords.

Today, through partnerships with gun violence researchers, public health experts, and community organizations, Giffords Law Center researches, drafts, and defends the laws, policies,

---

[1] Giffords Law Center's website, www.giffords.org/lawcenter, is the premier clearinghouse for comprehensive information about federal, state, and local firearms laws and Second Amendment litigation nationwide.

and programs proven to effectively reduce gun violence. Together with its partner organization Giffords, Giffords Law Center also advocates for the interests of gun owners and law enforcement officials who understand that Second Amendment rights have always been consistent with gun safety legislation and community violence prevention strategies.

Giffords Law Center has contributed technical expertise and informed analysis as an *amicus* in numerous cases involving firearm regulations and constitutional principles affecting gun policy, including *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *District of Columbia v. Heller*, 554 U.S. 570 (2008); and *McDonald v. City of Chicago*, 561 U.S. 742 (2010). Moreover, several courts have cited research and information from Giffords Law Center's *amicus* briefs in rulings on Second Amendment issues. *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs v. Att'y Gen. N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Hirschfeld v. BATFE*, 417 F. Supp. 3d 747, 754, 759 (W.D. Va. 2019); *Md. Shall Issue v. Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel v. Sessions*, 879 F.3d 198, 204, 208, 210 (6th Cir. 2018); and *Peruta v. Cnty. of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring).[2]

March For Our Lives Action Fund ("MFOL") is a youth-led movement devoted to creating safe and healthy communities and livelihoods where gun violence is obsolete. Formed in the days following the 2018 mass shooting at Marjory Stoneman Douglas High School in Parkland, Florida, MFOL advocates for sensible gun violence prevention policies by working with fellow community organizations, youth leaders, and the family members and survivors of gun violence across the country. Since its inception, MFOL has helped over 800,000 people register to vote, and it also organized the largest single day of protest against gun violence in history, on March 24, 2018. It

---

[2] Giffords Law Center filed its briefs in *Stimmel* and *Peruta* under its former name, the Law Center to Prevent Gun Violence.

hosted its second March For Our Lives protest on June 11, 2022, and was joined by hundreds of sibling marches worldwide. MFOL now has hundreds of chapters around the country, mobilizing young people whose work fights gun violence at every level of the political and social process. MFOL has participated as *amicus curiae* in other cases that affect its core interest in preventing gun violence. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525 (2020); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); and *Wade v. Univ. of Mich.*, 320 Mich. App. 1 (2017), *appeal granted*, 506 Mich. 951, 950 N.W.2d 55 (Mich. 2020) (mem.).

Local Civil Rule 7(o)(1) explicitly authorizes motions for leave to file an *amicus* brief. The motion for leave to file must state the movant's interest, state the position of each party as to the filing of the brief, identify the party supported, explain why an *amicus* brief is desirable, set forth the reasons why the movant's position is not adequately represented by a party, and explain why the matters asserted are relevant to the disposition of the case. Local Civil Rule 7(o)(2).

Moreover, "[d]istrict courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotation omitted). "An *amicus* brief should normally be allowed . . . when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at 137; *see also In re Vitamins Antitrust Litig.*, 2002 WL 34499542, at *5 (D.D.C. Dec. 18, 2002).

Proposed *Amici* have a vital interest in ensuring that the Constitution is construed to allow for the enactment of reasonable gun control measures, and protecting the authority of democratically elected officials to address the nation's current gun violence epidemic. Those

4

issues are clearly implicated in this case, as Plaintiffs seek to invalidate the D.C. legislature's enactment of a constitutionally permissible firearm regulation that aims to protect its constituents and curtail gun violence in the District.

Furthermore, Team ENOUGH and MFOL, in particular, have a significant interest in protecting children and young people from gun violence.  This interest is implicated in this case because invalidating the D.C. regulation at issue increases the risk that the myriad of children and young people who use D.C. public transportation – including to travel to and from school – will be harmed, psychologically and physically, by the visibility of guns or gun violence.

Proposed *Amici* provide this Court with a unique perspective that the parties are not in a position to address.  Brady and Giffords Law Center offer decades of experience in research, programs, legislative advocacy and litigation concerning gun control policies.  Team ENOUGH and MFOL offer a unique, youth-led perspective, harnessing the expertise and experience of their young members who have been affected by the gun violence epidemic, and who will continue to suffer the consequences if the validity of laws and policies, like the one at issue, which will undoubtedly shape their future, are not sustained.

Accordingly, Proposed *Amici* possess "unique information [and] perspective that can help the court beyond the help that the lawyers for the parties are able to provide," warranting their participation as *amici curiae*.  *Jin*, 557 F. Supp. 2d at 137.  Moreover, Proposed *Amici*'s brief addresses Second Amendment values and the public interest beyond arguments presented by Defendants.  *Amici* respectfully submit that the attached brief will assist the Court in the resolution of Plaintiffs' Application for a Preliminary Injunction and Motion for Summary Judgment.

## **CONCLUSION**

For the foregoing reasons, Proposed *Amici* respectfully request that their motion for leave to file the accompanying brief as *amici curiae* in support of the Defendants in these proceedings be granted.

Dated: September 23, 2022                                                   Respectfully submitted,

| | |
|---|---|
| **Of Counsel:** | */s/ Jonathan L. Diesenhaus* |
| | Jonathan L. Diesenhaus (D.C. Bar No. 423753) |
| Shira Lauren Feldman | Alex Schulman (D.C. Bar No. 1655499) |
| Brady and Team ENOUGH | Toccara Nelson (D.C. Bar No. 1671708) |
| 840 First Street NE, | Alexandria Reid (D.C. Bar No. 1738632) |
| Suite 400 | Hogan Lovells US LLP |
| Washington, D.C.  20002 | 555 Thirteenth Street, NW |
| (202) 370-8160 | Washington, D.C. 20004 |
| sfeldman@bradyunited.org | (202) 637-5600 |
| | (202) 637-5911 (fax) |
| Esther Sanchez-Gomez | |
| Giffords Law Center to Prevent Gun Violence | Ira M. Feinberg |
| 268 Bush St. #555 | Hogan Lovells US LLP |
| San Francisco, CA  94104 | 390 Madison Avenue |
| (415) 433-2062 | New York, NY 10017 |
| esanchezgomez@giffords.org | (212) 918-3000 |
| | (212) 918-3100 (fax) |
| Ciara Malone | |
| March For Our Lives | *Counsel for Amici Curiae* |
| 90 Church Street | |
| Suite 3417 | |
| New York, NY 10008 | |
| (913) 991-4440 | |
| ciara.malone@marchforourlives.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, I filed the foregoing document via the Court's CM/ECF system. The document will be served electronically on counsel of record for the parties.

*/s/ Jonathan L. Diesenhaus*

Jonathan L. Diesenhaus