# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY T. ANGELO, ET AL.** )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>**DISTRICT OF COLUMBIA, ET AL.** )<br>  )<br>Defendants. )<br>_____) | Civil Action No. 22-cv-1878 RDM |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' CONSENT MOTION TO INCREASE PAGE LIMIT FOR THEIR REPLY

Plaintiffs seek to increase the page limit for their reply to the District's opposition (Doc 18) to Plaintiffs' Application for Preliminary Injunction (Doc 6) and to the three amicus briefs (Docs 23, 24 & 25) and Statement of Interest of the United States (Doc 27) submitted with respect to the preliminary injunction request. Defendants' counsel has been notified of the filing of this motion and has consented to grant thereof.

Under LCvR 7(e) plaintiffs reply memorandum is limited to 25 pages absent prior approval of the court. Plaintiffs' counsel has reviewed Defendants' opposition, and the voluminous exhibits thereto, the United States' statement of interest and the three amicus briefs filed in this case. The opposition filings in the aggregate raise a host of differing arguments and make a variety of historical factual assertions relating to the sensitive places doctrine. Counsel is currently engaged in a detailed examination of the underlying authorities the opposing parties cite. Many of the

1

arguments and factual assertions opposing parties make are unsupported by those cited authorities and will therefore require plaintiffs to address these point so the court will not be unconsciously misled. Counsel has determined that this undertaking is not likely to be accomplished within the existing 25 page reply limitation. Accordingly, Plaintiffs request the court to expand the page limitation to 45 pages which under the rules is the page limit for both motions and replies.

We emphasize that this is one of the first (if not the first) cases to address the sensitive places doctrine post the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen,* 142 S.Ct. 2111 (2022), and the first case to address this doctrine with respect to public transportation systems post *Bruen*. Accordingly, the court will benefit from a fulsome discussion of the issues this case raises.

As indicated above, Defendants consent to grant of Plaintiffs' motion. Accordingly, there is no question of prejudice to Defendants.

For the foregoing reasons good cause exists for grant of Plaintiffs' motion.

Respectfully submitted

**GREGORY T. ANGELO**

**TYLER YZAGUIRRE**

**ROBERT M. MILLER**

**CAMERON M. ERICKSON**

By: /s/ George L. Lyon, Jr.
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
1929 Biltmore Street NW
Washington, DC 20009
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar. No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

*Attorneys for Plaintiffs*

Dated:   October 5, 2022

## *CERTIFICATE OF SERVICE*

    I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants through the court's ECF system, this 5th day of October, 2022.

                                          /s/ George L. Lyon, Jr., DC Bar 388678