## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY T. ANGELO, et al.,           :
                                     :
           **Plaintiff,**     :
                                     :
    **v.**                         :     **Case No: 1:22-cv-01878-RDM**
                                     :
CHIEF MICHAEL ANZALLO, et al.,       :
in his official and individual capacity,   :
                                     :
         **Defendants.**   :
_____     :

## REPLY TO PLAINTIFFS' OPPOSITION
## TO MICHAEL ANZALLO'S MOTION TO DISMISS

Michael Anzallo, Chief of Police of the Washington Metropolitan Area Transit Authority's ("WMATA's) Metro Transit Police Department ("MTPD"), in his official and individual capacity, hereby replies to Plaintiffs' Opposition to his Motion to Dismiss.

Plaintiffs named Chief Anzallo as a party-Defendant in Plaintiff's Amended Complaint, for alleged violations of Plaintiffs' Second and Fifth Amendment rights under 42 U.S.C. § 1983. Plaintiffs have licenses, issued by the District of Columbia, to carry concealed weapons; they have alleged that they want to ride WMATA's Metrorail system while carrying their concealed weapons, but legally cannot, in violation of their constitutional rights. A District of Columbia statute, D.C. Code §7-2507(a)(6), prohibits Plaintiffs from carrying thier firearms at certain public places, to include WMATA's Metrorail system. *See* Amended Complaint, ECF # 34, ¶¶ 1-31. According to Plaintiffs, this law infringes upon their Second Amendment rights, as well as their due process rights under the Fifth Amendment. *Id.*

Chief Anzallo filed a motion to dismiss Plaintiff's Complaint against him in his individual (personal) capacity and in his official capacity. Plaintiffs now concede that the

Complaint should be dismissed against Chief Anzallo in his personal capacity but should remain in his official capacity. They are wrong, for three reasons: First, any suit against Chief Anzallo in his official capacity is simply another way of suing WMATA itself and WMATA has absolute immunity for its police function, Second, neither WMATA nor Chief Anzallo in his official capacity may be sued under 42 U.S.C. § 1983. *See* Anzallo' s Motion to Dismiss, Sections A and B. Third, Plaintiffs failed to address Chief Anzallo' s arguments regarding dismissal of suit against him in his official capacity.   Out of the 34 pages of their Opposition, they have devoted a scant three sentences to the defenses of all the individually-named defendants; the rest of the 34 pages is devoted to arguments regarding their standing to bring suit. *See* Opposition, ECF # 46, Section IV.  In one of the three sentences, Plaintiffs concede that they have no claims against the individual defendants in their personal, capacity. *Id.* Plaintiffs do not address any of Chief Anzallo' s arguments that he must be dismissed in his official capacity as well; by failing to address his arguments, Plaintiffs concede them. *Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.,* 217 F.Supp.3d 79, 82 (D.D.C., 2016) ("It is well understood in this Circuit that when . . .  an opposition to a motion to dismiss address[es] only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded."). Plaintiffs effectively concede dismissal of all their claims against Chief Anzallo.

## I.    PLAINTIFFS CONCEDE DISMISSAL, AND THEIR CLAIMS AGAINST ANZALLO IN HIS OFFICIAL CAPACITY REQUIRE DISMISSAL

Plaintiffs concede all  arguments raised by Chief Anzallo in his Motion to Dismiss by:  1) admitting that they make no claims against him in his personal capacity, only in his official capacity. *See Ex Parte Young*, 209 U.S. 123 (1908);  Pl. Opposition, ECF # 46, Section IV; and 2) failing to address Chief Anzallo' s arguments for dismissing all claims against him in his official capacity. *See Bennet Holding, LLC supra*.

Of  note, Plaintiffs' brief contains no reference to, or analysis of, the different legal standards relative to official and individual (personal) capacity suits. The two types of suits against individuals are not interchangeable and involve different legal standards. Personal capacity suits seek to impose personal liability on government officials when the officials act under color of state law. *See Kentucky v. Graham*, 473 U.S 159, 16 (1985). Official capacity suits are just another way of pleading an action against an entity of which the official is the agent. *Id*.

For their claims against Chief Anzallo in his personal/individual capacity,  Plaintiffs concede dismissal. Plaintiffs affirmatively agree that no damages remedy "would lie" with Chief Anzallo-- or the other individual Defendants -- and further admit that the only relief they seek against the individual defendants is injunctive relief. *See* Opposition, ECF # 46, Section IV. Their reference to injunctive relief and money damages is a reference to the doctrine that Supreme Court first set forth *Ex Parte Young*, under which plaintiffs may sue state officials in their official capacity when seeking injunctive relief, but not for money damages, which a remedy provided for suit against officials in their individual capacity. *See Ex Parte Young*, 209 U.S. 123 (1908);  *Hatfill v. Gonzalez*, 519 S.Fupp.2d 13, 21 (D.D.C. 2007) (internal citations omitted); Pl. Opposition, ECF # 46, Section IV.

Moreover, Chief Anzallo moved to dismiss all claims against him -- not just the damages remedy, as Plaintiffs incorrectly claim. Dismissal of all claims against him in his *personal capacity* is required because the Amended Complaint contains no allegations about him doing anything at all. Plaintiff cannot show that Chief Anzallo, in his personal capacity, took any action against them under color of law. Even *if* Plaintiffs had alleged against Chief Anzallo, personally,

acting under color of law, Chief Anzallo could assert the defense of qualified immunity, which would protect him. *See* Motion to Dismiss, fn. 4.

Plaintiffs have conceded that they are pursuing Chief Anzallo in his official capacity only, seeking injunctive relief. But Plaintiffs may not proceed, for three reasons. First, Plaintiffs have conceded Chief Anzallo' s arguments for the dismissal of all claims against him in his official capacity, by failing to address them. *See Bennet Holding, LLC supra.* Yet even without their concession, there is no path forward for Plaintiffs, for two other reasons. When sued in his official capacity, Chief Anzallo may assert the same defenses WMATA could assert. *See  Hafer v. Melo,* 502 U.S. 21, 25 (1991). WMATA's first defense under these facts is that it enjoys absolute immunity for its police function. *See Griggs v. WMATA,* 232 F. 3d 917, 922 (D.C. Cir. 2000) (Section 80 of the Compact cloaks WMATA itself with absolute immunity for torts arising in the exercise of governmental functions); also see  Second, any suit against WMATA and WMATA officials fail as a matter of law under § 1983 because "neither a state nor its officials are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). *See e.g., Hawkins v. Washington Metropolitan Area Transit Authority*, 311 F.Supp.3d 94, 108 (D.D.C., 2018) (Dismissal of Section 1983 claims against WMATA and MTPD officer in his official capacity); *Cutchin v. District of Columbia*, 174 F.Supp.3d 427, 430 (D.D.C., 2016) (Dismissal of § 1983 claims against MTPD officers in their official capacities).

Further, Plaintiffs have failed to demonstrate that they have standing to pursue any claims in this matter. *See* ECF # 32. This Court held that Plaintiffs failed to allege any "injury in fact." *Id*. Plaintiffs have, yet again, failed again to demonstrate that they have suffered any "injury in fact," without which they cannot establish Article III standing. The Amended Complaint contains the same type of allegations that this Court rejected when ruling that their Complaint failed to

establish Article III standing, depriving the Court of subject matter jurisdiction. *See* ECF # 32.

Wherefore, Chief Anzallo also moves to dismiss Plaintiffs' Amended Complaint for all reasons

stated in his Motion to Dismiss, this Reply and for all reasons in  Co-Defendants' Reply

regarding standing,  incorporated herein. For these reasons and for other such good cause as this

Court may determine, Chief Anzallo respectfully moves that this Court dismiss Plaintiffs'

Complaint against him in its entirety.

### II.        CONCLUSION

Chief Anzallo respectfully requests that this Court dismiss all claims against him in his

official capacity for lack of subject matter jurisdiction under Rule 12(b)(1) due to his immunity

for WMATA's police functions.  He requests dismissal under Rule 12(b)(6) because Plaintiffs

have conceded all his arguments by failing to address them, and because  he is not a "person" ss

defined under 42 U.S.C. § 1983.  All claims against Chief Anzallo in his personal capacity must

be dismissed  under 12 (b)(6) because Plaintiffs agree to their dismissal, and because they have

failed to allege any claim based on his actions under color of law.


Respectfully submitted,

/s/ Janice L. Cole
Janice L. Cole #440351
Senior Counsel II
WMATA
300 7th St., S.W.
Washington, D.C. 20024
(202) 962-2543 (o); (202) 604-1833 (mobile)
jlcole@wmata.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12 day of May 2023, a copy of the Chief Anzallo's Reply

to Plaintiff's Opposition to his Motion to Dismiss Plaintiffs' Amended Complaint, and proposed

Order was electronically filed and sent via the court's ECF system to:

George L. Lyon, Jr. (Bar No. 388678)
Bergstrom Attorneys PLLC
202.669.0442; fax 202.483.9267
gll@arsenalattorneys.com

Matthew Bergstrom (Bar No. 989706)
800.819.0608

4000 Legato Road, Suite 1100
Fairfax, Virginia  22033

Matthew R. Blecher
Chief, Civil Litigation Division
Office of the Attorney General for the District of Columbia

Andrew J. Saindon
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia

/s/ Janice L. Cole
Janice L. Cole