**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY T. ANGELO, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **No. 1:22-cv-01878-RDM** |

## JOINT REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(d), and this Court's August 27, 2026 Minute Order, the Parties submit their Joint Report.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties recommend to the Court that discovery should await a decision on the motion.**

The Parties agree this case is likely to be fully disposed of by dispositive motion at the summary judgment stage.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that all additional parties should be joined and the pleadings amended by November 6, 2026. As discovery progresses, the Parties anticipate that stipulations may be achievable.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial:**

The Parties do not agree to assign this case to a magistrate judge for all purposes, including trial.

**4. Whether there is a realistic possibility of settling the case:**

At the time of the submission of this Joint Report, the Parties do not believe there is a realistic possibility of settling the case. However, the Parties presently remain committed to continuing settlement talks as litigation moves forward.

**5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients:**

The Parties do not believe neutral evaluation of the case would be beneficial at this time. Plaintiffs' counsel has discussed ADR with Plaintiffs prior to responding to this provision of Local Civil Rule 16.3(c). Counsel for Defendants has discussed ADR with its client representative prior to responding to this provision of Local Civil Rule 16.3(c).

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, opposition, and replies; and proposed dates for a decision on the motions:**

The Parties anticipate that this case can be resolved through summary judgment and propose that the Parties submit a joint proposed briefing schedule for motions for summary judgment within 15 days of the close of fact or expert discovery, whichever occurs later.

**7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or time of those disclosures:**

The Parties have agreed that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) should be exchanged on or before November 25, 2026.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:**

The Parties anticipate seeking discovery on the facts and surrounding circumstances related to Plaintiffs' allegations in the Amended Complaint, Defendants' respective defenses,

any expert disclosures, and all other matters that may lead to the discovery of admissible evidence. The Parties anticipate serving written discovery on each other to include document requests, interrogatories, and requests for admission.

The Parties propose a deadline of February 5, 2027, for fact discovery; a deadline of March 5, 2027, for disclosure of Defendants' expert reports; a deadline of May 3, 2027, for disclosure of Plaintiffs' expert reports; a deadline of July 6, 2027, for disclosure of Defendants' rebuttal expert reports; and a deadline of September 6, 2027, for expert discovery. The Parties will abide by the Federal Rules of Civil Procedure respecting limits on interrogatories and depositions.

**9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The Parties have discussed the issue of electronically stored information and have agreed to work in good faith on the scope and production of such materials. The Parties agree that documents should be produced in native format but may confer in good faith on producing electronic records in text-searchable Portable Document Format (PDF) for good cause unless production in that format will degrade the information contained in a document or the accessibility or usefulness of the document (*e.g.*, Excel and PowerPoint will be produced natively). In the absence of agreement on other issues regarding discovery of electronically stored information, the Parties shall be bound by the Federal Rules of Civil Procedure.

**10. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

The Parties agree that they would be bound by the Federal Rules of Civil Procedure with respect to claims of privilege or of protection as trial-preparation materials, except that the Parties would not be required to log evidence withheld on the basis of privilege that post-dates

the filing of the Complaint. The Parties have not agreed to ask the Court to include this agreement in an order under Federal Rule of Evidence 502.

**11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur:**

Defendants shall serve their expert disclosures under Federal Rule of Civil Procedure 26(a)(2) by March 5, 2027. Plaintiffs shall serve their expert disclosures under Federal Rule of Civil Procedure 26(a)(2) by May 3, 2027. Defendants shall serve their expert rebuttal reports under Federal Rule of Civil Procedure 26(a)(2) by July 6, 2027. Expert witness depositions shall be completed by September 6, 2027.

**12. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision:**

n/a

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation:**

The Parties do not believe the trial or discovery should be bifurcated or managed in phases.

**14. The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter):**

The Parties propose that the Court set a date for the pretrial conference after resolution of motions for summary judgment.[1]

**15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference:**

---

[1] The final page of this filing includes a proposed Joint Scheduling Order, which leaves blank the date for the pretrial conference to allow the Court to select a date at its discretion.

The Parties agree that a trial date should be set at the pretrial conference.

**16. Such other matters that the parties believe may be appropriate for inclusion in the scheduling order:**

None.

Date: October 2, 2026.

Respectfully submitted,

*/s/ George L. Lyon Jr.*
George L. Lyon, Jr. (388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442
Fax: 202-483-9267
gll@arsenalattorneys.com

*Counsel for Plaintiffs*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
Special Counsel for Firearm Safety
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
HELEN M. RAVE [90003876]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendants District of Columbia, Attorney General Brian Schwalb, and Interim Chief Jeffery Carroll*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY T. ANGELO, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **No. 1:22-cv-01878-RDM** |

**<u>JOINT SCHEDULING ORDER</u>**

IT IS HEREBY ORDERED that the following Scheduling Order is entered, subject to the rights of the parties to modify the schedule by stipulation and the right of any party to request that the Court modify the Scheduling Order for good cause shown:

| | |
|---|---|
| Joinder of Additional Parties | November 6, 2026 |
| Amendment of Pleadings | November 6, 2026 |
| Initial Disclosures | November 25, 2026 |
| Close of Fact Discovery | February 5, 2027 |
| Defendants' Expert Reports Due | March 5, 2027 |
| Plaintiffs' Expert Reports Due | May 3, 2027 |
| Defendants' Rebuttal Expert Reports Due | July 6, 2027 |
| Close of Expert Discovery | September 6, 2027 |
| Briefing Schedule for Motions for Summary Judgment | TBD |
| Pretrial Conference | TBD |
| Trial | TBD at Pretrial Conference |

**IT IS SO ORDERED.**

________________________
Date

____________________________________
Hon. Randolph D. Moss
United States District Judge